UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILBERT ARON AND KATLIN MORRIS     CIVIL ACTION

VERSUS     21-cv-00136-SDD-EWD

G. LEWIS-LOUISIANA NO. 2, L.L.C. AND
GARRY LEWIS D/B/A GARRY LEWIS PROPERTIES

## RULING

Before the Court is the *Motion for Judgment on the Pleadings*[1] filed by Defendants, G. Lewis-Louisiana No. 2, L.L.C. and Garry Lewis d/b/a Garry Lewis Properties ("Defendants"). Plaintiffs Wilbert Aron ("Aron") and Katlin Morris ("Morris") (collectively "Plaintiffs") filed an *Opposition*.[2] In March 2021, Plaintiffs brought suit, alleging that Defendants discriminated against Aron in violation of the Fair Housing Act ("FHA") and the Louisiana Equal Housing Opportunity Act by refusing to make a reasonable accommodation for his disability, namely an addiction to illegal drugs. Defendants seek dismissal, arguing that Plaintiffs have failed to allege that Aron has a "handicap" under the FHA and corresponding state law. The Court disagrees and shall deny the *Motion*.

**I. BACKGROUND**

Plaintiffs allege the following facts, which for purposes of this *Motion*, shall be taken as true: Around twenty years ago, Aron became addicted to illegal drugs.[3] "Untreated, his

---

[1] Rec. Doc. No. 38.
[2] Rec. Doc. No. 39.
[3] Rec. Doc. No 29, p. 1.

Page 1 of 8

disability substantially limits his ability to work, sleep, handle stressful situations, exercise sound judgment, maintain positive relationships with others, and refrain from the use of controlled dangerous substances."[4] In 2005, he was arrested for possessing two pills of ecstasy.[5] He pled guilty to felony possession of a controlled substance and was sentenced to probation.[6] In 2010, while on probation, he was convicted of additional misdemeanors related to his addiction.[7] At that time, he was not receiving, and had never received, treatment for his disability.[8]

In 2016, Aron completed comprehensive in-patient mental health treatment and counseling for his addiction, and since then, has been receiving regular, ongoing out-patient treatment and counseling.[9] As a result of this ongoing treatment, he has been able to manage the symptoms of his disability and remain drug-free.[10]

Aron began dating Morris in 2016.[11] Morris resided at Suma Lake apartment complex with her two children.[12] The complex is owned and operated by Defendants.[13] Aron spent several nights a week at Morris's apartment and, after September 2018, he lived there full time.[14]

Defendants became aware that Aron had a criminal record.[15] Defendants informed Morris that their policy was to deny any person with a criminal conviction the opportunity

---

[4] *Id.*, p. 3-4.
[5] *Id.*, p. 4.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*, p. 5.
[13] *Id.*, p. 3.
[14] *Id.*, p. 5.
[15] *Id.*, p. 7.

to lease or occupy the premises and that she would be evicted if Aron was seen on the property again.[16] Morris requested that Defendants make an exception to their criminal background policy as a reasonable accommodation for Aron's disability.[17] Defendants did not respond directly to these requests.[18] Morris and her children were evicted in December 2018.[19]

Subsequently, Plaintiffs brought several causes of action: (1) discrimination in violation of the FHA, 2) discrimination in violation of the Louisiana Equal Housing Opportunity Act, (3) negligent training and supervision in violation of Louisiana state law, and (4) unlawful interference with the exercise or enjoyment of a right granted or protected by the Fair Housing Act.[20]

Defendants now move for judgement on the pleadings, arguing that Plaintiffs do not allege that Mr. Aron has a "handicap" under the FHA and the Louisiana Equal Housing Opportunity Act. Plaintiffs oppose the *Motion*.[21]

II.   **LAW**

   **A. Rule 12(c) Motion for Judgment on the Pleadings**

A motion for judgement on the pleadings under Rule 12(c) is evaluated under the same standard as a rule 12(b)(6) motion to dismiss.[22] When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[23] The Court may consider "the complaint, its proper

---

[16] *Id.*
[17] *Id.*, p. 7-8.
[18] *Id.*, p. 8.
[19] *Id.*, p. 9.
[20] *Id.*, p. 11-14.
[21] Rec. Doc. No. 38.
[22] *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[23] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[24] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[25]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[26] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[27] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that [the] defendant has acted unlawfully."[29] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[30] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[31]

---

[24] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[25] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 574 (2007)).
[26] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter "*Twombly*").
[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (hereinafter "*Iqbal*").
[28] *Id*.
[29] *Id*.
[30] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[31] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**B. The FHA and the Louisiana Equal Housing Opportunity Act**

Both the FHA and the Louisiana Equal Housing Opportunity Act broadly ban housing discrimination based on disability status. The FHA makes it unlawful to discriminate "against any person in the terms, conditions, or privileges of sale or rental of dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap."[32] Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."[33] The FHA defines "a handicap" as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such impairment, or (3) being regarded as having such an impairment."[34]

Similarly, the Louisiana Equal Housing Opportunity Act makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a disability" of that buyer or renter or any person residing in or intending to reside in that dwelling.[35] The Act defines "disability" in the exact same manner that the FHA defines "handicap."[36]

Under both the FHA and the Louisiana Housing Opportunity Act, "current, illegal use of or addiction to a controlled substance" may not be considered a protected disability.[37] However, the Fifth Circuit recognizes that people recovering from addiction

---

[32] 42 U.S.C. § 3604(f)(2).
[33] *Id.* § 3604(f)(3)(B).
[34] *Id.* § 3602(h).
[35] La. Rev. Stat. § 51.2606(A)(6).
[36] *Id.* § 51.2603(5)(a).
[37] *Id.* § 51.2603(5)(b); 42 U.S.C. § 3602(h).

may qualify as disabled.[38] In this regard, "there is no *per se* rule that categorizes recovering alcoholics and drug addicts as disabled or handicapped, and a case-by-case evaluation is necessary."[39] A person's "mere status" as an alcoholic or substance abuser "does not necessarily imply" a limitation of a major life activity.[40]

### III. ANALYSIS

Defendants argue that Plaintiffs have failed to allege that Aron has a "handicap" or "disability" under the FHA and corresponding state law. Defendants further argue that, because Aron is not handicapped per the statute, his claims should be dismissed "as they all rely upon [his] classification as handicapped."[41]

Before proceeding, the Court notes that Defendants provide no law or reasoning to support the latter assertion. It is hardly self-evident that *all* of Plaintiffs' claims rise or fall based on Aron's status as handicapped under the FHA. This proposition seems most tenuous as to Plaintiffs' state law tort claim for negligent training and supervision. Nevertheless, the Court need not address this issue because the Court finds that Plaintiffs have sufficiently alleged that Aron has a "handicap" or "disability" under the FHA and corresponding state law.

At bottom, the parties dispute Aron's handicapped status. Defendants acknowledge that people recovering from a drug addiction may qualify as disabled under the FHA. Nevertheless, Defendants contend that the Court should consider mitigating measures, such as ongoing outpatient treatment and counseling, when determining

---

[38] *Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Ass'n*, 851 F. App'x 461, 463 (5th Cir. 2021). *See also Oxford House, Inc. v. City of Baton Rouge, La.*, 932 F.Supp.2d 683, 688 (M.D. La. 2013).
[39] *Oxford House, Inc.*, 266 F.Supp. at 688.
[40] *Id.* at 689 (quoting *Regional Economic Community Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 47 (2nd Cir. 2002).
[41] Rec. Doc. No. 38-1, p. 4.

whether Aron has a limitation of a major life activity. Defendants argue that, according to Plaintiffs' own allegations, "Aron's treatment has been a resounding success" and he "has successfully been able to manage the symptoms of his disability" and "remain drug-free."[42] Plaintiffs argue that Aron's ability to manage his symptoms does not negate the fact that he is a drug addict and, any assertion to the contrary, "is akin to arguing that a mobility-impaired person is no longer disabled once they have a wheelchair."[43]

Defendant's argument is unavailing. Defendants focus their analysis on Aron's present impairment level and the success of his current treatment regimen. However, in defining "handicap," the FHA does not limit its inquiry to current impairment.[44] As discussed above, the FHA defines a "handicap" as either "a physical or mental impairment which substantially limits one or more of such person's major life activities" or "*a record* of having such impairment."[45] The Louisiana Equal Housing Opportunity Act does the same.[46]

Here, Plaintiffs' allegations make out "a record of such impairment." Specifically, Plaintiffs note that Aron's addiction led to his arrest and conviction for drug-related behavior in 2005 and 2010. Plaintiffs also allege that "[u]ntreated, his disability substantially limits his ability to work, sleep, handle stressful situations, exercise sound judgment, maintain positive relationships with others, and refrain from the use of controlled dangerous substances."[47] Plaintiffs note that Aron did not complete inpatient

---

[42] Rec. Doc. No. 40, p. 4.
[43] Rec. Doc. No. 39, p. 4.
[44] § 3602(h).
[45] *Id.* (emphasis added).
[46] La. Rev. Stat. § 51.2603(5)(a).
[47] Rec. Doc No. 29, p. 3-4.

mental health treatment until 2016 and did not receive any treatment for his addiction before 2010, when he was convicted for addiction-related behavior.[48]

Ultimately, Aron's ongoing treatment and counseling may be successful in managing his symptoms at present, but Plaintiffs do not allege that this has always been the case. To the contrary, Plaintiffs allege that, from at least 2005 to 2016, Aron struggled to manage the symptoms of his addiction and those symptoms substantially limited major life functions, such as work and sleep.[49]

In sum, Defendants apply too strict a standard. To qualify as handicapped, a person need only have "a record" of impairment of a major life function.[50] Plaintiffs' allegations, taken as true, are sufficient to show that Aron has "a record of such impairment" and, consequently, that he has a "handicap" or "disability" under the FHA and the Louisiana Equal Housing Opportunity Act. Accordingly, the Court finds that Plaintiffs' complaint states plausible claims for relief under those acts.

## IV. CONCLUSION

For the foregoing reasons, Defendants' *Motion for Judgment as a Matter of Law*[51] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 1, 2022.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[48] *Id.*, p. 4.
[49] *Id.*, p. 3-4.
[50] § 3602(h)(2).
[51] Rec. Doc. No. 38.