UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILBERT ARON and KAITLIN MORRIS

VERSUS

G. LEWIS-LOUISIANA NO.2, L.L.C., GARRY LEWIS D/B/A GARRY LEWIS PROPERTIES

CIVIL ACTION

21-136-SDD-SDJ

## RULING

Before the Court is the *Motion for Judgment on the Pleadings*[1] filed by Plaintiffs Wilbert Aron ("Aron") and Katlin Morris ("Morris") (collectively "Plaintiffs"). Defendants G. Lewis-Louisiana No. 2, L.L.C. and Garry Lewis d/b/a Garry Lewis Properties ("Defendants"), filed an *Opposition*.[2] For the following reasons, the Court shall grant the *Motion*.[3]

### I.    FACTUAL BACKGROUND

Defendants allege the following facts which, for purposes of this motion, are taken as true. G. Lewis-Louisiana No. 2, L.L.C. is a Louisiana limited liability company that owns certain immovable property, including Suma Lake Apartments.[4] Garry Lewis Properties is a sole proprietorship that manages Suma Lake.[5] In March 2018, Plaintiff Morris signed a lease to live at the apartment complex.[6] The lease was with Garry Lewis Properties.[7]

---

[1] Rec. Doc. No. 35.
[2] Rec. Doc. No. 52.
[3] Rec. Doc. No. 35.
[4] Rec. Doc. No. 11, p. 7.
[5] *Id.*
[6] *Id.*, p. 8.
[7] *Id.*

Garry Lewis Properties evicted Morris in December 2018.[8] In March 2021, Plaintiffs sued G. Lewis-Louisiana No. 2, L.L.C. and Garry Lewis Properties, alleging violations of the Fair Housing Act ("FHA") and state law.[9] Defendants jointly filed a counterclaim against Morris for breach of contract.[10] In the instant *Motion*, Plaintiffs seek to dismiss G. Lewis-Louisiana No. 2, LLC as a party to the counterclaim.

## II.   LAW

A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a rule 12(b)(6) motion to dismiss.[11] When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[12] The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[13] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[14]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

---

[8] *Id.*, p. 9-10.
[9] *Id.*, p. 1.
[10] *Id.*
[11] *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[13] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v, Portfolio Equity, Inc.*, 540 F. 3d 333. 338 (5th Cir. 2008).
[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[15] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[18] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[19] "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[20]

### III. ANALYSIS

Plaintiffs argue that G. Lewis-Louisiana No. 2, L.L.C. lacks standing to enforce the lease agreement at issue. Plaintiffs assert that the lease is a contract between Morris and Garry Lewis Properties and does not contain a single mention of G. Lewis-Louisiana No. 2, LLC. Defendants do not dispute this but argue that G. Lewis-Louisiana No. 2, LLC merely passes its gains and losses through to Garry Lewis Properties for tax purposes, and so the rents due under the lease belong to G. Lewis-Louisiana No. 2, LLC.

The Court finds that Defendants have failed to allege facts sufficient to support G. Lewis-Louisiana No. 2, LLC's counterclaim for breach of contract. It is axiomatic that only

---

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[17] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).
[18] *Id.*
[19] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[20] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

parties to a contract have standing to enforce that contract.[21] To maintain a breach of contract cause of action under Louisiana law, a plaintiff must either be in privity of contract with the opposing party or be a third-party beneficiary of the contract at issue. There is no privity of contract between G. Lewis-Louisiana No. 2, LLC, and Plaintiffs. As Plaintiffs point out, the lease contains no mention of G. Lewis-Louisiana No. 2, LLC.[22] Further, the lease prominently displays the logo of Garry Lewis Properties and defines Garry Lewis Properties as "Lessor."[23] Defendants do not allege otherwise. Indeed, Defendants admit that Tasha Brady, who countersigned the lease, is an employee of Garry Lewis Properties, not G. Lewis-Louisiana No. 2, LLC.[24]

Moreover, Defendants do not allege any facts showing that G. Lewis-Louisiana No. 2, LLC is a third-party beneficiary of the lease agreement. Under Louisiana Law, a contract for the benefit of a third party is referred to as a *stipulation pour autrui*.[25] The Louisiana Supreme Court has held that there are three requirements for a *stipulation pour autrui*: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and promisee."[26] Here, there is no stipulation for a third party in the lease agreement. The lease fails to even mention G. Lewis-Louisiana No. 2, LLC, let alone plead facts that would identify it as a third-party beneficiary.[27] Again, Defendants do not argue otherwise.

---

[21] *New Orleans Private Patrol Serv. V. Corp. Connections, Inc.,* 17-746 (La. App. 4th Cir. 03/21/18), 239 So.3d 480, 484.
[22] Rec. Doc. No. 11-1.
[23] Rec. Doc. No. 11-1., p. 1.
[24] Rec. Doc. No. 11., p. 9.
[25] *Succession of Schimek*, 19-1069 (La. App. 4th Cir. 6/10/20), 302 So.3d 78, 84-85 (internal quotation marks and citations omitted).
[26] *Id.*
[27] Rec. Doc. 11-1.

Ultimately, Defendants have failed to allege any facts showing that G. Lewis-Louisiana No. 2, LLC was a party to the lease agreement or an intended beneficiary thereof. By its own terms, the lease agreement was between Morris and Garry Lewis Properties.[28] Because Defendants have failed to allege facts sufficient to support G. Lewis-Louisiana No. 2, LLC's counterclaim, the Court will grant the *Motion*.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' *Motion for Judgment on the Pleadings*[29] pursuant to Rule 12(b)(c) is hereby **GRANTED** and the counterclaim by G. Lewis-Louisiana No. 2, LLC is **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, this day, January 11, 2023.

*/s/ Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[28] *Id.*
[29] Rec. Doc. No. 35.